SO ORDERED.

SIGNED this 27th day of April, 2016.



_Dale L. Somers_
Dale L. Somers
United States Bankruptcy Judge

___

Designated for online use but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In re: | |
|---|---|
| DOOLEY'S WATER AND ENERGY SOLUTIONS, INC., | CASE NO. 15-10811 CHAPTER 11 |
| DEBTOR. | |

MEMORANDUM OPINION AND JUDGMENT
GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS

At the conclusion of trial held on April 5, 2016,[1] four matters were taken under advisement:[2] (1) Motion to Convert or Dismiss for Failure to File Post-Petitions Tax

---

[1] Debtor appeared by Mark J. Lazzo. The United States Trustee appeared by Richard A. Wieland. The Internal Revenue Service appeared by Brian D. Sheern. Garden Plain State Bank appeared by Creath Pollack.

[2] The Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges

Returns and Pay Post-Petition Taxes, filed by the United States;[3] (2) Debtor's Objection to Claim No. 4 Filed by Internal Revenue Service;[4] (3) Motion for Adequate Protection as to Garden Plain State Bank;[5] and (4) United States Trustee Samuel K. Crocker's Motion to Convert or Dismiss.[6]

The Court finds that the United States Trustee's motion to dismiss for cause must be granted. Cause exists because Debtor, a small business, did not file its Chapter 11 plan before expiration of the 300 day time limit. Dismissal rather than conversion is in the best interest of creditors and the estate. Therefore, the other matters taken under advisement will not be addressed.

**PROCEDURAL HISTORY.**

Debtor Dooley's Water and Energy Solutions, Inc. filed a voluntary petition under Chapter 11 on April 23, 2015, and has since acted as a debtor-in -possession. Debtor checked the box on the petition stating that it is a small business as defined in 11 U.S.C.

---

all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016). A motion for relief from stay and objections to exemptions are core proceedings which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(G) and (B). There is no objection to venue or jurisdiction over the parties.

[3] Doc. 45.

[4] Doc. 48.

[5] Doc. 50.

[6] Doc. 98.

§101(51D). The notes/decisions portion of the minute sheet for a video status conference held on January 20, 2016, includes the following statement, "Plan will be filed before the February 17, 2016 deadline."[7] But Debtor did not file its Chapter 11 plan and disclosure statement until March 29, 2016.

**DISCUSSION.**

The United States Trustee moved to dismiss or convert this case for cause under § 1112(b)(1). It provides in part: "**. . .** on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . .." The Trustee cited three conditions of cause as defined in § 1112(b)(4):[8] (1) Failure to comply with an order of the court, (2) failure to timely file a disclosure statement or failure to timely file or confirm a plan, and (3) failure to pay any fees or charges required under chapter 123 of title 28.

The Court finds that cause to dismiss or convert exists under § 1112(b)(4)(J), which defines cause to include "failure to file a disclosure statement, or to file or confirm a plan within the time fixed by his title or by order of the court." Subsection 1121(e)(2) provides that in a small business case, "the plan and a disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief." Subsection (e)(3)

---

[7] Doc. 92.

[8] 11 U.S.C. §§ 1112(b)(4)(F), (J), and (K).

establishes three requirements for extension of the 300 day limit for filing a plan, one of which is that "the order extending time is signed before the existing deadline has expired." No provision in the Code defines the consequences if the debtor (or a creditor) fails to file a plan within the statutory time limits. A respected commentator states, "Consequently, if no party files a plan within the prescribed or an otherwise allowed time, 'cause' would exist for conversion or dismissal of the case under section 1112(b)(4)(J) on the ground of 'failure to propose a plan under section 1112 of this title within any time fixed by the court.'"[9]

The 300 day deadline for filing a plan applies in this case.[10] Debtor stated in its petition filed on April 23, 2015, that it is a small business as defined by § 101 (51D), and no one disputes that fact. February 17, 2016 (300 days after April 23, 2015) was the deadline for the filing of a plan and disclosure statement or the entry of an order extending the 300 days. Debtor did not seek an extension of the 300 day deadline[11] and

---

[9] 7 *Collier on Bankruptcy* ¶ 1121.07[4] at 1121-14 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. 2015).

[10] During trial, Debtor's counsel provided the Court with a copy of *In re Riviera Drilling & Exploration Co.*, 502 B.R. 863 (10th Cir. BAP 2013). That case holds that the 300 day limit does not apply to a creditor who files plan in a small business case. It has no bearing on this case.

[11] Debtor also does not contend that anything it did or any event in the proceedings constituted a motion to extend the 300 day limit or otherwise altered the limitation for filing a plan.

4

did not file his plan and disclosure statement until March 29, 2016. Therefore cause for dismissal or conversions exists.[12]

Having found cause, the Court must next consider whether the case should be converted to chapter 7 or dismissed. As recently stated in *Neighbors*,

> "[A]s a result of the 2005 Amendments, Code § 1112(b)(1) is no longer permissive, but instead mandates conversion or dismissal if the movant establishes exclusive cause, and no unusual circumstances establish that conversion or dismissal is not in the best interests of creditors."
> "The Code does not define the phrase 'best interests of creditors and the estate.'" The standard "implies a balancing test to be applied through case-by-case analysis. In the end the determination is a matter for sound judicial discretion." The Court must consider the impact of each the options.[13]

In this case, the Court finds that dismissal is in the best interests of creditors and the estate. Debtor has filed a disclosure statement and a reorganization plan which contemplates rehabilitation of Debtor's business and the payment of unsecured claims. Dismissal of the case will make possible the filing of a new Chapter 11 case in which such a reorganization plan might be confirmed. A conversion would result in the liquidation of Debtor's business before attempting to rehabilate. The liquidation analysis attached to Debtor's proposed plan shows assets of approximately $78,000 and secured

---

[12] *In re Sanchez*, 429 B.R. 393 (Bankr. D. P. R. 2010).

[13] *In re Neighbors*, No. 11-21003, 2015 WL 9435189, at *9 (Bankr. D. Kan. Sept. 21, 2015) (citations omitted).

claims of approximately $86,000. If the case were converted to Chapter 7, unsecured creditors would receive no distribution.

**CONCLUSION.**

For the foregoing reasons, the Court grants the motion of the United States Trustee to dismiss this case for cause because Debtor is a small business and it did not file a plan and disclosure statement within the 300 day time limit established by the Code.

**JUDGMENT**.

Judgment is hereby entered dismissing this case for cause under §1112(b)(2) and (b)(4)(J). The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

###